IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JOHN KING, JR.,

        Plaintiff,                   No. 2:12-cv-1576 CKD P

   vs.

CDCR, et al.,

        Defendants.          <u>ORDER</u>

/

        Plaintiff is a state prisoner proceeding pro se. He seeks relief pursuant to 42 U.S.C. § 1983 and has requested authority pursuant to 28 U.S.C. § 1915 to proceed in forma pauperis. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1). Plaintiff has consented to this court's jurisdiction. (Dkt. No. 11.)

        Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). Accordingly, the request to proceed in forma pauperis will be granted.

        Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court. Thereafter, plaintiff will be obligated for monthly payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account. These payments will be

1

forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full.  28 U.S.C. § 1915(b)(2).

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke, 490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

A complaint must contain more than a "formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient to "raise a right to relief above the speculative level."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 127 S. Ct. 1955, 1965 (2007). "The pleading must contain something more...than...a statement of facts that merely creates a suspicion [of] a legally cognizable right of action."  Id., quoting 5 C. Wright & A. Miller, Federal Practice and Procedure 1216, pp. 235-235 (3d ed. 2004).  "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, ___ U.S. ___, 129 S.Ct. 1937, 1949 (2009) (quoting Twombly, 550 U.S. at 570, 127 S.Ct. 1955). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Id.

In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740, 96 S.Ct. 1848 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. Jenkins v. McKeithen, 395 U.S. 411, 421, 89 S.Ct. 1843 (1969).

Fed. R. Civ. P. 8 sets forth general rules of notice pleading in the federal courts. See Swierkiewicz v. Sorema, 534 U.S. 506 (2002). Complaints are required to set a forth (1) the grounds upon which the court's jurisdiction rests, (2) a short and plain statement of the claim showing entitlement to relief; and (3) a demand for the relief plaintiff seeks. Rule 8 requires only "sufficient allegations to put defendants fairly on notice of the claims against them." McKeever v. Block, 932 F.2d 795, 798 (9th Cir. 1991). Even if the factual elements of the cause of action are present, but are scattered throughout the complaint and are not organized into a "short and plain statement of the claim," dismissal for failure to satisfy Rule 8(a)(2) is proper. McHenry v. Renne, 84 F.3d 1172, 1178 (9th Cir. 1996).

Plaintiff filed a complaint on July 19, 2012 and a first amended complaint on July 31, 2012. The court will screen the most recently-filed complaint. (Dkt. No. 14.) The complaint does not comply with the Rule 8 pleading requirements set forth above. It raises confusing and apparently unrelated allegations concerning, e.g., plaintiff's dental treatment, proceedings before the Board of Parole Hearings, and plaintiff's "missing settlement appeal documents from my central file[.]" (Id. at 7.) It appears that the only allegations potentially cognizable under § 1983 concern plaintiff's lack of dental treatment for "major gum disease." (Id. at 10.) However, plaintiff's vague and conclusory allegations about his dental issues do not state a cognizable claim for relief.[1]

---

[1] "[T]o maintain an Eighth Amendment claim based on prison medical treatment, an inmate must show 'deliberate indifference to serious medical needs.'" Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006) (quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976)). The two part test for deliberate indifference requires the plaintiff to show (1) " 'a serious medical need' by

3

1    On the first page of the complaint, plaintiff names CDCR and California Medical
2 Facility as defendants.  Under the Eleventh Amendment, plaintiff is barred from bringing section
3 1983 claims against these state agencies.  See Puerto Rico Aqueduct & Sewer Auth. v. Metcalf &
4 Eddy, Inc., 506 U.S. 139, 144 (1993); see also Lucas v. Dep't of Corr., 66 F.3d 245, 248 (9th
5 Cir.1995) (per curiam) (stating Board of Corrections is agency entitled to immunity); Taylor v.
6 List, 880 F.2d 1040, 1045 (9th Cir. 1989) (concluding that Nevada Department of Prisons was a
7 state agency entitled to Eleventh Amendment immunity).

8    As plaintiff does not state a cognizable § 1983 claim against any defendant, the
9 complaint will be dismissed.  Plaintiff will be granted leave to file an amended complaint within
10 30 days of service of this order.

11    If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the
12 conditions complained of have resulted in a deprivation of plaintiff's constitutional rights.  See
13 Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).  Also, the complaint must allege in specific terms
14 how each named defendant is involved.  There can be no liability under 42 U.S.C. § 1983 unless
15 there is some affirmative link or connection between a defendant's actions and the claimed
16 deprivation.  Rizzo v. Goode, 423 U.S. 362, 96 S.Ct. 598 (1976); May v. Enomoto, 633 F.2d
17 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).  Furthermore,
18 vague and conclusory allegations of official participation in civil rights violations are not
19 sufficient.  See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

20    In addition, plaintiff is informed that the court cannot refer to a prior pleading in
21 order to make plaintiff's amended complaint complete.  Local Rule 220 requires that an amended
22 complaint be complete in itself without reference to any prior pleading.  This is because, as a

---

demonstrating that 'failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain,' " and (2) "the defendant's response to the need was deliberately indifferent." Jett, 439 F.3d at 1096. In order to state a claim for violation of the Eighth Amendment, a plaintiff must allege sufficient facts to support a claim that the named defendants "[knew] of and disregard[ed] an excessive risk to [Plaintiff's] health[.]" Farmer v. Brennan, 511 U.S. 825, 837 (1994).

4

1  general rule, an amended complaint supersedes the original complaint.  See Loux v. Rhay, 375
2  F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the original pleading no
3  longer serves any function in the case.  Therefore, in an amended complaint, as in an original
4  complaint, each claim and the involvement of each defendant must be sufficiently alleged.

5         Plaintiff has requested the appointment of counsel.  (Dkt. No. 13.)  The United
6  States Supreme Court has ruled that district courts lack authority to require counsel to represent
7  indigent prisoners in § 1983 cases.  Mallard v. United States Dist. Court, 490 U.S. 296, 298
8  (1989).  In certain exceptional circumstances, the court may request the voluntary assistance of
9  counsel pursuant to 28 U.S.C. § 1915(e)(1).  Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir.
10 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990).  In the present case, the
11 court does not find the required exceptional circumstances.  Plaintiff's motion for the
12 appointment of counsel will therefore be denied.

13         In accordance with the above, IT IS HEREBY ORDERED that:
14         1. Plaintiff's request for leave to proceed in forma pauperis is granted.
15         2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action.
16 All fees shall be collected and paid in accordance with this court's order to the Director of the
17 California Department of Corrections and Rehabilitation filed concurrently herewith.
18         3. The first amended complaint (Dkt. No. 14) is dismissed for the reasons
19 discussed above, with leave to file a second amended complaint within thirty days from the date
20 of service of this order.  Failure to file a second amended complaint will result in dismissal of
21 this action.
22 ////
23 ////
24 ////
25 ////
26 ////

4. Plaintiff's request for appointment of counsel (Dkt. No. 13) is denied.

Dated: September 19, 2012

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

2 / king1576.B